UNITED STATES of America,
Plaintiff—Appellee,

v.

Juan LOPEZ–CABALLERO,
Defendant—Appellant.

No. 05–50290.

United States Court of Appeals,
Ninth Circuit.

Submitted July 24, 2006.*

Decided July 27, 2006.

Jennifer T. Manion, Esq., Jessica M. Kass, Esq., USSD–Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

David J. Zugman, Esq., San Diego, CA, for Defendant–Appellant.

Before: ALARCÓN, HAWKINS and THOMAS, Circuit Judges.

MEMORANDUM **

Juan Lopez–Caballero appeals from the district court's judgment and 63–month sentence imposed following a guilty-plea conviction for being a deported alien found in the United States, in violation of 8 U.S.C. § 1326(a) as enhanced by (b)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Lopez–Caballero contends that the district court violated his Sixth Amendment rights by imposing a sentence in excess of the 24–month statutory maximum of section 1326(a), because Lopez–

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Caballero did not admit his prior conviction or date of deportation. We disagree. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998) (allowing judicial finding of a prior conviction for purposes of increasing the statutory maximum sentence); *see also United States v. Salazar–Gonzalez,* 445 F.3d 1208, 1215 (9th Cir. 2006) (rejecting defendant's contention that "enhancement was inappropriate because the government did not allege, nor did [the defendant] admit, the date of his deportation").

Lopez–Caballero also contends that the district court's reliance on *Almendarez–Torres* is misplaced because *Almendarez–Torres* has been either limited or overruled. This contention is foreclosed by our previous decisions. *See United States v. Weiland,* 420 F.3d 1062, 1079 n. 16 (9th Cir.2005) (noting that *Almendarez–Torres* is binding precedent until explicitly overruled by Supreme Court), *cert. denied,* —— U.S. ——, 126 S.Ct. 1911, 164 L.Ed.2d 667 (2006).

■ Finally, Lopez–Caballero contends that 8 U.S.C. § 1326(b), as construed by *Almendarez–Torres,* is unconstitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This contention is foreclosed by *United States v. Pacheco–Zepeda,* 234 F.3d 411, 415 (9th Cir.2000) (as amended) (holding that prior convictions "may continue to be treated as sentencing factors").

**AFFIRMED.**